# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUIS A. MARTINEZ,** <br><br>    Petitioner,<br>v.<br><br>**MIKE EVANS, Warden,**<br><br>    Respondent. | Civil No. 07cv0771-IEG (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING RESPONDENT'S MOTION TO DISMISS** |

Luis A. Martinez (hereafter "Petitioner"), a California state prisoner proceeding *pro se*, has filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition"). This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. Before the Court is Respondent's Motion to Dismiss (hereafter "Motion") the Petition for untimeliness. The Court has reviewed the Motion and **RECOMMENDS** that: (1) Respondent's Motion to Dismiss be **GRANTED** and (2) the Petition be **DISMISSED** with prejudice.

///
///
///
///

# I.

# **FACTUAL BACKGROUND**

The following statement of facts is taken from the state appellate court's opinion affirming Petitioner's conviction on direct review. (Lodgment No. 1, *People v. Martinez*, No. D042573 (Cal. Ct. App. 2005).) This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts). Where a more detailed examination of the state court record is required to address Petitioner's claims, direct citations to the record will be provided.

> "On the evening of November 14, 2001, Hoai Thanh D. and her two-year-old daughter, My Hien, met Hoai's coworker, Minh Thanh Nguyen, at a shopping center to purchase a birthday gift for their boss's daughter. Nguyen purchased an item and the group returned to Hoai's Honda to wrap the gift. A masked man holding a knife banged on the window and opened the driver's side door, while another masked individual knocked on the passenger side window and ordered Nguyen to open the door. Nguyen jumped out of the car, but another masked man stabbed him in the arm and forced him into the backseat next to My Hien's car seat. The person who had stabbed Nguyen got into the backseat along with Hoai, while two others got into the front seats.
>
> One of the men, later identified as Martinez, drove the car while someone took Hoai's purse and Nguyen's wallet and jewelry. Martinez and another person asked Nguyen for the personal identification number (PIN) to his ATM card. When Nguyen told them that he could not remember the number, two of the men beat him with their fists and poked him with knives until Nguyen gave them a number. When the code did not work, all of the men beat Nguyen and Martinez told Nguyen that his men would kill him if he did not give them the correct PIN. Fearing for his life, Nguyen gave them the correct number and Martinez withdrew $500 from Nguyen's account.
>
> Martinez took Hoai and My Hien to a motel on El Cajon Boulevard, which he had checked into under his own name. Before leaving, Martinez lifted his mask and showed Hoai his face. Another man inside the room robbed Hoai and My Hien of their jewelry and then raped Hoai. Meanwhile, Martinez and another man drove Nguyen to another location and demanded the PIN to his credit card. They beat Nguyen after he claimed that he could not remember the number. Nguyen gave them a number and one of them withdrew $260 from an ATM, but they were unsuccessful in withdrawing additional amounts. The men took Nguyen back to the motel room, where he eventually fell asleep.
>
> The following morning, Martinez informed the motel's office that he wanted to stay an extra night. After allowing Nguyen to shower, Martinez threatened to cut off Nguyen's penis if he did not reveal his credit card PIN. Three men then beat Nguyen. The next morning, Martinez drove his victims to another motel where he had again checked in under his own name. On the motel registration form, Martinez listed his car as a Pontiac, but gave the license plate number of Hoai's Honda.
>
> Eventually, the men took their victims to Nguyen's vehicle and Martinez asked for directions to Hoai's house. On the way there, Martinez had Hoai telephone her father, Mr. D., to tell him that she was being held and that he needed to pay for her

> release. Mr. D. borrowed $6,000 from friends and received a telephone call to arrange the exchange. Martinez released Hoai and My Hien after he received the money and Mr. D. picked them up and took them home, where the police were waiting.
>
> Martinez and his associates then took Nguyen to Mexico and took pictures of Nguyen to send to Nguyen's family. Martinez left Nguyen with other captors and, late that evening, police arrested him as he tried to cross the border from Mexico while driving Hoai's Honda. During a police interview, detectives questioned Martinez about Nguyen's whereabouts and Martinez agreed to call his cohorts from an unmonitored pay phone. Early the following morning, Mexican authorities pulled over Nguyen's vehicle, found Nguyen and detained the other occupants."

(Lodgment No. 1, *People v. Martinez*, No. D042573, at 2-4.)

## II.

## **PROCEDURAL HISTORY**

On February 10, 2003, Petitioner was "convicted of three counts each of kidnapping for ransom with bodily harm (counts 1, 2 & 5), kidnapping during a carjacking (counts 7, 8 & 9), and two counts of kidnapping for robbery (counts 3 & 6). The [San Diego Superior Court] sentenced him on counts 1, 2, and 5 (one sentence for each victim), and stayed sentence under section 654 on the remaining five kidnapping counts." (Lodgment 1, p. 5.)

Petitioner was sentenced to "life without the possibility of parole as to count 5, consecutive terms of life with the possibility of parole as to counts 1 and 2, a consecutive three-year term as to count 11, and a consecutive one-year term for the weapon enhancement [as] to count 1." (Lodgment 1, p. 4.) Petitioner filed an appeal from the judgment, case no. D042573. (Lodgment 1.) On February 3, 2005, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment as modified by striking the $10,000 parole restitution fine. (Lodgment 1.)

On March 8, 2005, Petitioner filed a petition with the California Supreme Court, case no. S131662, seeking review to "determine whether a defendant may properly be convicted of multiple counts of aggravated kidnapping based upon a single instance of kidnapping involving one victim." (Lodgment 2.) On April 13, 2005, the California Supreme Court denied the petition for discretionary review. (Lodgment 3.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Petitioner also failed to file a state petition for writ of habeas corpus.

///

///

On April 26, 2007, Petitioner filed his federal Petition for Writ of Habeas Corpus claiming that he was denied his Eighth Amendment right against cruel and unusual punishment when he was "improperly convicted of eight counts of kidnapping based upon an incident involving three kidnap victims." (Petition at 6-7.) Petitioner also contends that his federal Petition is untimely due to the ineffective assistance of appellate counsel. (Petition at 15.)

On June 14, 2007, Respondent filed a Motion to Dismiss based on two arguments: (1) "the petition is barred by the statute of limitations" (Docket No. 6, p.3); and (2) petitioner "failed to exhaust his state court remedies." (Docket No. 6, p.9.) Petitioner failed to file an opposition.

## III.

## CHRONOLOGY

The following table (based on information set forth in detail in this report and recommendation) presents a summary of the dates relevant to the statute of limitations:

| Date | Event |
| --- | --- |
| February 10, 2003 | A San Diego Superior Court jury convicts Petitioner. (Lodgment 1.) |
| February 3, 2005 | California Court of Appeal affirms Petitioner's conviction. (Lodgment 1.) |
| March 8, 2005 | Petitioner files a petition for review with the California Supreme Court. (Lodgment 4.) |
| April 13, 2005 | California Supreme Court summarily denies Petitioner's petition for discretionary review. (Lodgment 3.) |
| July 12, 2005 | Petitioner's state court conviction becomes "final". (*Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999); Rules of the Supreme Court of the United States R. 13.1.) |
| July 13, 2005 | Statute of Limitations begins to run. (28 U.S.C. § 2244(d)(1)(A).) |
| July 12, 2006 | Limitation period expires absent an application of statutory or equitable tolling. (Id.) |
| January 10, 2007 | Kimberly J. Grove, Petitioner's appellate counsel, sends a letter notifying Petitioner that the California Supreme Court denied his petition for review on April 13, 2005. (Petition, Exh. A.) |
| April 26, 2007 | Petitioner files his federal petition for writ of habeas corpus with the United States District Court. (Docket, No. 1.) |

///

///

## IV.

## THE AEDPA'S ONE-YEAR STATUTE OF LIMITATIONS

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d) provides that a petitioner has one year after the state proceedings become final, plus any time tolled while seeking state collateral relief, to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). Specifically, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## V.

## DISCUSSION

**A.    Petitioner's Claim Is Barred by the Statute of Limitations**

In the Motion to Dismiss, Respondent argues that Petitioner's claim is barred by the one-year statute of limitations and that Petitioner is not entitled to statutory tolling because he did not file a state habeas corpus petition. (Motion at 4-5.)

Petitioner contends that he is eligible for equitable tolling because ineffective assistance of appellate counsel caused his Petition to be filed after the AEDPA deadline. (Petition at 15.) Specifically, Petitioner argues that despite the April 13, 2005 order from the California Supreme Court denying review, appellate counsel failed to notify him of the denial until a letter dated January 10, 2007. (Id.)

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a state court judgment becomes final by the conclusion of the state court's direct review or when the time to seek such review expires, whichever is later. 28 U.S.C. § 2244(d)(1)(A); *see Wilberger v. Carter*, 35 Fed. Appx. 111, 114 (6th Cir. 2002). A state court judgment becomes final ninety days after the conclusion of direct review, which is when the time period for filing a writ of certiorari to the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Rules of the Supreme Court of the United States R. 13.1. A federal petition for writ of habeas corpus must be dismissed if it is not filed within the AEDPA's one-year statute of limitations. *Williams v. Vasbinder*, Civil No. 05-73471-DT, 2006 WL 2123908, 2 (E.D. Mich. 2006) (citing *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001)).

Here, Petitioner's conviction became final on July 12, 2005, ninety days after the California Supreme Court summarily denied his petition for discretionary review on April 13, 2005. (Lodgment 3.) The statute of limitations began to run the next day on July 13, 2005 and expired one year later, on July 12, 2006. Petitioner filed his Petition on April 26, 2007, **289** days after the statute of limitations expired. Consequently, **IT IS RECOMMENDED** that the Court find Petitioner's claim is barred by the statute of limitations absent any tolling.

**B.      Petitioner's Claim Is Not Entitled to Statutory Tolling**

AEDPA's one-year statute of limitations period is tolled when a properly filed state habeas corpus petition is pending in state court with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). 28 U.S.C. § 2244(d)(2) provides that:

> [T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A § 2244(d)(2).

Because Petitioner did not file a habeas corpus petition in state court, **IT IS RECOMMENDED** that the Court find statutory tolling is unavailable to toll the one-year statute of limitations in this case.

///
///

**C.      Petitioner's Claim Is Not Entitled to Equitable Tolling**

Petitioner argues that the one-year statute of limitations should be equitably tolled because appellate counsel's ineffective assistance caused the Petition to be filed after the limitation period. (Petition at 15.)

Respondent argues that Petitioner is not entitled to equitable tolling because Petitioner failed to establish the two requirements necessary for equitable tolling: (1) a showing that Petitioner pursued his rights diligently and (2) a showing of an extraordinary circumstance that prevented timely filing. (Motion at 5.)  Specifically, Respondent asserts that Petitioner failed to meet the second element of equitable tolling because an attorney's alleged failure to notify Petitioner of the order denying review in a timely manner does not constitute "the type of egregious attorney misconduct that would warrant equitable tolling." (Motion at 6.)  Respondent also contends that Petitioner's counsel could not have provided ineffective assistance of counsel because Petitioner had no constitutional right to counsel for discretionary review.  (Motion at 7.)  Finally, Respondent asserts that Petitioner did not pursue his rights diligently by inquiring about the status of his petition until almost two years after its filing.  (Motion at 8.)

The AEDPA's one-year statute of limitations is subject to equitable tolling.  *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004); *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997).  Equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The petitioner seeking to invoke equitable tolling bears the burden of providing that: (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Because "the threshold necessary to trigger equitable tolling is very high," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

**1.      Petitioner Has Not Pursued His Rights Diligently.**

A petitioner cannot establish the requisite diligence by waiting to file a claim without a valid justification. *Pace*, 544 U.S. at 418 (lack of diligence shown where petitioner waited sixteen months

before inquiring into status of his case); *Plowden v. Romine*, 78 F. Supp. 2d 115, 118-20 (E.D.N.Y. 1999) (despite the attorney's failure to notify petitioner of denial of discretionary review, equitable tolling was unavailable because petitioner waited seventeen months to inquire into the status of his request).

Petitioner in this case has failed to show he has been pursuing his rights diligently. With the assistance of his appellate counsel, Petitioner filed his petition for review with the California Supreme Court on March 8, 2005. (Lodgment 4.) Although this petition was denied on April 13, 2005 (Lodgment 3), Petitioner contends that his appellate counsel failed to notify him of the denial until a letter dated January 10, 2007 (Petition at 12.) Petitioner states that the letter from counsel was sent sometime after Petitioner "complained to [his] counselor" at the state prison about the status of his petition. *Id*. However, Petitioner has not provided an explanation for his failure to check on the status of his petition between March 8, 2005, when it was filed, and the time before the January 10, 2007 letter of appellate counsel. *Id*. at 12-13. Therefore, **IT IS RECOMMENDED** the Court find that, by waiting almost two years before inquiring about the status of his petition for review with the California Supreme Court, Petitioner has not pursued his rights diligently.

### 2. **Petitioner Has Not Established That Counsel's Conduct Was So Egregious As To Constitute Extraordinary Circumstances Warranting Equitable Tolling**

Where the blame for untimely filing is placed on counsel, the attorney's misconduct must be "sufficiently egregious" so as to constitute an "extraordinary circumstance" necessary to invoke equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (finding equitable tolling applicable where attorney, who was hired to prepare and file a petition, never filed a petition despite several requests to do so.) Specifically, the egregious conduct must be "so deficient as to distinguish it from the merely negligent performance of counsel." *Id*. at 801. An attorney's mere negligence, without more, does not warrant equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of the limitations period is negligence not warranting equitable tolling); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 20020) (counsel's miscalculation and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable relief.)

Here, Petitioner has failed to satisfy the second element of the test set forth in *Pace,* namely that the conduct of his appellate attorney in failing to notify him of the status of his state petition was so egregious that it constituted an extraordinary circumstance warranting equitable tolling. While the alleged failure of appellate counsel to inform Petitioner of the status of his petition before the California Supreme Court may have been negligent, it was not so egregious to warrant equitable tolling. Unlike the attorney in *Spitsyn*, Petitioner's appellate attorney was never instructed to file a federal habeas corpus petition for Petitioner. *See Spitsyn*, 345 F.3d at 801 (explaining "though he was hired nearly a full year in advance of the deadline, Huffhines completely failed to prepare and file a petition. Spitsyn and his mother contacted Huffhines numerous times, by telephone and in writing, seeking action, but these efforts proved fruitless . . . . that conduct was so deficient as to distinguish it from the merely negligent performance of counsel in *Frye* and *Miranda*.") Petitioner alleges only that appellate counsel failed to timely notify him of the status of his state case. Because Petitioner failed to show that the appellate counsel's failure to notify him earlier rises to the level of extraordinary circumstance, **IT IS RECOMMENDED** that the Court find Petitioner is not entitled to equitable tolling.

**D.    Conclusion**

The one-year limitations period under 28 U.S.C. § 2244(d) began to run on July 13, 2005 and expired on July 12, 2006. Petitioner filed his federal habeas corpus petition on April 26, 2007, more than nine months after the statute of limitations expired. Therefore, **IT IS RECOMMENDED** that the Court find neither statutory, nor equitable tolling brings the instant petition within the limitations period, and that Petitioner's claim is barred by the one-year statute of limitations.

**VI.**

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) **GRANTING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and (2) **DISMISSING** Petitioner's Petition for Writ of Habeas Corpus with prejudice.

**IT IS ORDERED** that no later than **November 5, 2007**, any party to this action may file a written objection with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1 **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **Nov ember 19, 2007.** The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: October 16, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copy to:

HONORABLE IRMA E. GONZALEZ, U.S. DISTRICT JUDGE

PRISONER *PRO SE*

ALL COUNSEL OF RECORD