1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 LUIS A. MARTINEZ,                                    CASE NO. 07cv771-IEG(WMc)

12                              Petitioner,             ORDER REJECTING OBJECTIONS;
                 vs.                                    GRANTING MOTION TO DISMISS
13                                                      [DOC. NO. 6]
     MIKE EVANS, Warden,
14
                              Respondent.
15

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in San Diego County

18   Superior Court Case No. SCD 163989.  Respondent filed a motion to dismiss, arguing the petition

19   was time-barred. Petitioner did not file an opposition to the motion.  On October 16, 2007,

20   Magistrate Judge McCurine filed a Report and Recommendation ("Report"), recommending the

21   Court grant Respondent's motion to dismiss.  On November 16, 2007, Petitioner filed an objection

22   to the Report.  Respondent did not file a reply.

23          For the reasons set forth herein, Petitioner's objections to Magistrate Judge McCurine's

24   Report are rejected.  The Court adopts the Report in full, and GRANTS Respondent's motion to

25   dismiss.

26   ///

27   ///

28   ///

1

***Discussion***

*1.  Magistrate Judge McCurine Properly Found the Petition is Time-Barred*

Because Petitioner objects to the Report, the Court reviews it *de novo*.  28 U.S.C. § 636(b)(1); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).  Petitioner does not dispute Magistrate Judge McCurine's determination that his conviction became final on July 12, 2005, or that the statute of limitations required his petition be filed on or before July 12, 2006.  Petitioner also does not dispute Magistrate Judge McCurine's determination that he is not entitled to any period of statutory tolling.  Petitioner's sole objection is that the Report wrongly concludes he is not entitled to equitable tolling.  Petitioner argues his petition should be considered timely because his appellate attorney failed to notify him when the California Supreme Court, on April 13, 2005, denied his Petition for Review. Petitioner argues his appellate attorney only notified him of the denial in January of 2007, after he called Appellate Defenders regarding the status of his appeal. Petitioner argues he is entitled to equitable tolling for the time after his petition for review was denied, until his appellate attorney informed him of the denial.

Magistrate Judge McCurine identified the proper legal standard for determining when the statute of limitations under 28 U.S.C. § 2244(d) is equitably tolled.  The statute of limitations under § 2244(d) is equitably tolled only when petitioner shows "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGulielmo, 544 U.S. 408, 418 (2005); Rasberry, 448 F.3d at 1153.

Magistrate Judge McCurine properly found Petitioner failed to satisfy his burden of showing diligence.  Petitioner implicitly concedes he knew his attorney filed a Petition for Review in or around March of 2005.  California Rule of Court 28(b)(2) (now Rule 8.512(b)), provides that a petition for review will be decided within ninety days.  Nonetheless, Petitioner made no inquiry of his appellate counsel regarding the status of the court proceedings for nearly two years, until January of 2007.  In his objections, Petitioner states "he will provide explanation for his failure to check on the status of his petition between March 8, 2005 and the time before the January 10, 2007 letter from appellate counsel."  [Objection, p. 7.]  However, it is Petitioner's burden to demonstrate diligence.  Rasberry, 448 F.3d at 1153.  In light of Magistrate Judge McCurine's finding that

1  Petitioner was not diligent, Petitioner cannot avoid dismissal of his petition by asserting he will

2  later provide an explanation.[1]

3          Likewise, Magistrate Judge McCurine properly found Petitioner has not demonstrated

4  extraordinary circumstances stood in his way and prevented him from pursuing his rights. The

5  Ninth Circuit in Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) surveyed the cases regarding when

6  attorney negligence will constitute extraordinary circumstances.  The court concluded that

7  "[t]hough ordinary attorney negligence will not justify equitable tolling," an attorney's

8  "sufficiently egregious" misconduct may constitute "extraordinary circumstances." Id. at 800.

9  Petitioner's allegation that his attorney failed to timely notify him of the denial of his petition for

10  review does not constitute the type of "egregious" misconduct which the Ninth Circuit has found

11  justifies equitable tolling.  Petitioner is not entitled to equitable tolling, and his petition is barred

12  by the statute of limitations. Therefore, Respondent's motion to dismiss is GRANTED.

13  *2.  Petitioner is not Entitled to Relief on His Claim*

14          Assuming arguendo the Court found Petitioner is entitled to equitable tolling, Petitioner's

15  sole claim for relief is unexhausted and does not entitle him to relief on the merits.[2]  In order to

16  exhaust state remedies, a petitioner "must make reference to provisions of the federal Constitution

17  or must cite either federal or state case law that engages in a federal constitutional analysis." Fields

18  v. Waddington, 401 F.3d 1018, 1020-21 (9th Cir. 2005).  In his Petition for Review, Petitioner

19  stated that "[s]ubject to the constitutional prohibition against cruel and unusual punishment, the

20  power to define crimes and fix penalties is vested exclusively in the Legislature . . . ." This brief

21  statement was insufficient to put the state court on notice of petitioner's claim that the sentence

22  imposed in his case violated the Eighth Amendment of the United States Constitution. Therefore,

23  ───────────────

24          [1]Petitioner is not entitled to an evidentiary hearing on his equitable tolling claim because he has failed to make "a good-faith allegation that would, if true, entitle him to equitable tolling."

25  Roy v. Lambert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003)).  Unlike the petitioners in Roy, Petitioner has not alleged he took any action

26  between the time his counsel notified him in March of 2005 that she would file a Petition for Review, and January of 2007.  Petitioner has not alleged any specific effort he undertook to pursue

27  his rights during that period of time, or any obstacles which prohibited him from inquiring as to the status of his proceedings.

28          [2]In the motion to dismiss, Respondent also argued the sole claim presented in the petition was unexhausted. The Report did not address this argument.

1    even if the petition is not time-barred, it is properly dismissed.  Rasberry v. Garcia, 448 F.3d 1150,

2    1154 (9th Cir. 2006) (district court must immediately dismiss a petition containing only

3    unexhausted claims).

4           Finally, even if Petitioner's claim was procedurally proper, the Court concludes Petitioner

5    is not entitled to relief on the merits.  Petitioner argues the trial court violated the Eighth

6    Amendment when it allowed him to be convicted of eight counts of kidnaping when there were

7    only three victims.  Petitioner argues that because the prosecution charged and the jury found the

8    offenses were committed pursuant to a single conspiracy, five of his eight kidnaping convictions

9    should be stricken. A fair reading of Petitioner's claim demonstrates it does not arise under the

10   Eighth Amendment, but instead is based upon errors of interpretation of state law.  The Eighth

11   Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor

12   cruel and unusual punishments inflicted."  Petitioner does not explain or cite any case law which

13   would demonstrate how his rights under the Eighth Amendment were violated by the allegedly

14   improperly conviction.  Federal habeas corpus relief is not available to cure errors of state law.

15   Dubria v. Smith, 224 F.3d 995, 1001 (9th Cir. 2000) (citing Estelle v. McGuire, 502 U.S. 62, 67

16   (1991)).  Petitioner is not entitled to relief on the merits under 28 U.S.C. § 2254.

17                                          ***Conclusion***

18          For the reasons set forth herein, the Court rejects Petitioner's objections to Magistrate

19   Judge McCurine's Report and Recommendation, adopts in full the Report, and GRANTS

20   Respondent's motion to dismiss, terminating this case.

21          **IT IS SO ORDERED**.

22

23   **DATED:  February 27, 2008**

24                                          **IRMA E. GONZALEZ, Chief Judge**

25                                          **United States District Court**

26

27

28